IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PERRY S. RICCIARDI, II,<br>   Petitioner,<br><br>   v.<br><br>JAY LANE, et al.,<br>   Respondents. | )<br>)<br>)<br>) Civil Action No. 16-266<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

Presently before this Court is petitioner's motion for the appointment of counsel (ECF No. 7). This matter is before the Court for a determination of whether or not, under the facts and circumstances of this case, the Court should exercise its discretion and request an attorney to represent petitioner in the prosecution of this action.

The petitioner, Perry S. Ricciardi, II, an inmate at the State Correctional Institution at Fayette ("SCI Fayette"), has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 against Respondents, the warden of SCI Fayette, the District Attorney of Lawrence County, Pennsylvania, and the Attorney General of the State of Pennsylvania. In his petition, petitioner alleges that: a categorical mandatory sentence of life without the possibility of parole divests the sentencing court and the Board of Probation and Parole from considering mitigating circumstances or the rehabilitative process that a convicted defendant makes during the term of incarceration; a defective jury instruction failed to adequately state the laws governing a charge of first degree murder based on the theory of conspiracy or accomplice liability; Petitioner was assigned an unqualified attorney who had no experience in capital cases; and the statute governing the qualifications of counsel for a death penalty case are constitutionally infirm.

In his motion, he argues that his Fifth Amendment claim "has become so obfuscated that the task of properly addressing it to this court is a monumental one" and that the transcripts encompass over 4,000 pages; that his other claims require proper investigation, the securing of affidavits, discovery and evidentiary hearings; and that he is financially unable to afford counsel.

In considering a motion for the appointment of counsel, this Court must determine whether or not to request counsel to represent this litigant . The Court has broad discretion to determine whether appointment of counsel is warranted, if "the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B), and that determination must be made on a case-by-case basis. Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).

As a threshold matter the district court should consider whether the petitioner's claims have arguable merit in fact or law. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). See Tabron, supra at 155. If the court determines that the claims have some merit, the court should then consider the following factors:

> 1. the petitioner's ability to present his or her own case;
>
> 2. the complexity of the legal issues;
>
> 3. the degree to which factual investigation will be necessary and the ability of the petitioner to pursue such investigation;
>
> 4. the amount a case is likely to turn on credibility determinations;
>
> 5. whether the case will require the testimony of expert witnesses; and
>
> 6. whether the petitioner can attain and afford counsel on his own behalf.

Parham v. Johnson, supra. "The list of factors is not exhaustive, but instead should serve as a guidepost for the district courts. Correspondingly, courts should exercise care in appointing

counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id. at 458.

After careful consideration of petitioner's allegations, it would appear that the appointment of counsel is not warranted and, therefore, counsel will not be appointed.

Initially, it does not appear with any degree of certainty that petitioner is setting forth a factual basis which demonstrates that he will ultimately prevail on the merits. Nevertheless, in considering factors one and two – the litigant's ability to present his case and the difficulty of the legal issues involved – it is clear that the issues presented in the petition are neither difficult nor complex (no more so than in other habeas corpus cases), and nothing in the record indicates that petitioner is incapable of presenting his case. Similarly, the third consideration – the degree to which factual investigation will be necessary and petitioner's ability to conduct such investigation – does not weigh in favor of the appointment of counsel since petitioner's case will be decided based on the documents of record, namely the petition, the answer and the state court pleadings.

Further, while it may be that the credibility of the witnesses will be at issue in the case if an evidentiary hearing is held, the Supreme Court has held that such hearings are rare in habeas corpus proceedings and the record is limited to what was presented in the state courts. See Cullen v. Pinholster, 563 U.S. 170 (2011). Indeed, the only factor that seemingly weighs in petitioner's favor is the fact that he would be unable to afford to retain counsel on his own behalf based upon his statement that he is financially unable to afford representation. This factor alone, however, does not entitle petitioner to appointed counsel but should be considered only when the other factors weigh in the petitioner's favor.

The Court does not conclude that petitioner would not benefit from appointment of counsel, but rather it appears that the appointment of counsel will not materially aid justice to such a degree as to warrant the exercise of the Court's discretion.  Thus, until such time as a showing is made that the interests of justice require our exercise of discretion, the Court declines to do so.  See Lassiter v. Dept. Social Services, 452 U.S. 18 (1981).

      An appropriate Order will be entered.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PERRY S. RICCIARDI, II, )
        Petitioner, )
         )
        v. )   Civil Action No. 16-266
         )
         )
JAY LANE, et al., )
        Respondents. )

O R D E R

AND NOW, this 4th day of April, 2016,

IT IS ORDERED that petitioner's request for the appointment of counsel (ECF No. 7) is hereby denied, without prejudice.

                                              s/Robert C. Mitchell
                                              ROBERT C. MITCHELL
                                              United States Magistrate Judge

cc:    Perry S. Ricciardi, II
       FG-3440
       S.C.I. Fayette
       50 Overlook Drive
       LaBelle, PA 15450